IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RONALD D. WHITE, JR., | : |
| Plaintiff, | : |
| | Case No. 3:11-cv-113 |
| vs. | : |
| | JUDGE WALTER HERBERT RICE |
| HEWITT BENEFIT RESOURCES, et al., | : |
| Defendants | : |

DECISION AND ENTRY SUSTAINING DEFENDANT SCI FUNERAL & CEMETERY PURCHASING COOPERATIVE, INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND NOTATION ORDER SUSTAINING DEFAULT JUDGMENT (DOC. #37); RESPONSIVE PLEADING TO BE FILED WITHIN 21 DAYS

On November 16, 2011, the Clerk of Court entered default against Defendant SCI Funeral & Cemetery Purchasing Cooperative, Inc. ("SCI"). Doc. #32. On November 18, 2011, Plaintiff filed a Motion for Default Judgment against SCI. Doc. #33. The Court entered a Notation Order sustaining Plaintiff's motion on November 21, 2011. Nevertheless, no determination of damages has yet been made and judgment has not yet been entered against SCI.

This matter is currently before the Court on Defendant SCI's December 2, 2011, Motion to Set Aside Entry of Default and Notation Order Sustaining Plaintiff's Motion for Default Judgment. Doc. #37. Defendant notes that

Plaintiff's counsel has been contacted and does not oppose this motion.

Federal Rule of Civil Procedure 55(c) provides, "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Since no judgment has yet been entered against SCI, the only question at this juncture is whether SCI has shown good cause to set aside the entry of default. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (holding that the stricter Rule 60(b) standard applies only after the court has determined damages and judgment has been entered). Factors to be considered include: "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United Coin Meter Co. v. Seaboard Coastline RR*, 705 F.2d 839, 844 (6th Cir. 1983) (quoting *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C. Cir. 1980)).

SCI notes that the default was not willful. Although the summons and complaint were received in SCI's mailroom on July 25, 2011, they were not forwarded to the legal department. The legal department did not learn of the mistake until November 23, 2011, when it received a copy of Plaintiff's Motion for Default Judgment. Outside counsel was contacted shortly thereafter, and filed a Notice of Appearance on November 29, 2011. Doc. #34.

There is no evidence that setting aside the entry of default will prejudice Plaintiff. In fact, Plaintiff does not oppose SCI's motion. The delay caused by SCI's default has been fairly short, and there is no indication that it resulted in the

2

SCI's default has been fairly short, and there is no indication that it resulted in the loss of evidence, impeded discovery, or provided a greater opportunity for fraud or collusion. *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (citations omitted).

Finally, SCI has presented several possible defenses to Plaintiff's claim that he was denied medical and dental benefits to which he was entitled. Those defenses include failure to exhaust administrative remedies, statute of limitations, and ineligibility. As the Sixth Circuit has noted, at this stage, a defendant need not show likelihood of success on the merits; rather, he need only state a defense that is "good at law." *United Coin Meter*, 705 F.2d at 845.

The Court concludes that SCI has established "good cause" for setting aside the Entry of Default. Therefore, pursuant to Federal Rule of Civil Procedure 55(c), the Court SUSTAINS SCI's unopposed Motion to Set Aside Entry of Default and Notation Order Sustaining Default Judgment. Doc. #37. SCI shall file a responsive pleading within 21 days of the date of this Decision and Entry.

Date: December 15, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record